# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MCDONALD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 16-264 |
| WELLS FARGO BANK, N.A. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                    October 24, 2016

An estate administrator challenging a car lender's repossessing the decedent's car in 2012 for lack of payment must show the decedent held these claims when she died in 2009. At the time of death, and for over thirty months after death, someone paid the car loan as agreed. In Summer 2012, the lender stopped receiving car payments and began steps in state court to repossess the car. The lender sold the repossessed car in January 2013. Over three years later, the decedent's estate sued the lender for violating Pennsylvania's notice of sale requirements, breach of contract and conversion. The estate cannot obtain more rights through a Pennsylvania or Ohio Survival Action than held by the decedent at her passing. It is undisputed the decedent made timely monthly payments on the car loan until death and then someone else made the monthly payments until mid-2012. As the decedent had no claim challenging a 2013 repossession upon her 2009 death, we grant the lender's motion to dismiss in the accompanying Order.

### I. Background

On April 26, 2007, Westmoreland County resident Patricia McDonald purchased a 2002 GMC Sierra from an Ohio car dealer financed through a Retail Installment Sale Contract ("Loan

Contract") with Performance GMC.¹ Mrs. McDonald agreed to make 66 monthly payments of $465.86.² GMC immediately sold the Loan Contract to Wells Fargo.³ As creditor, Wells Fargo received payments from Mrs. McDonald for the car.

Mrs. McDonald died on December 21, 2009.⁴ At her death, she had a little less than 3 years left on her Loan Contract. No one notified Wells Fargo of Mrs. McDonald's death. Someone continued to pay under the Loan Contract until mid-2012.

In August 2012, Wells Fargo stopped receiving payments under the Loan Contract.⁵ On November 28, 2012, Wells Fargo repossessed the car.⁶ On November 30, 2012, Wells Fargo sent a "Notice of Our Plan to Sell Property" to the deceased Mrs. McDonald.⁷ Wells Fargo notified the deceased Mrs. McDonald they intended to sell her car on January 3, 2013.⁸ There is no allegation of any action taken to reinstate or cure the delinquency in the Loan Contract and recover the car. On January 27, 2013, Wells Fargo notified the deceased Mrs. McDonald of the January 22, 2013 sale of her 2002 GMC Sierra through the Ohio courts.⁹

Over three years later, Liane McDonald, as the Administratrix of Mrs. McDonald's Estate, sued Wells Fargo. Liane McDonald alleges Wells Fargo did not comply with Pennsylvania UCC Notice of Sale requirements, breach of contract, and conversion.

## II. Analysis

Wells Fargo moves to dismiss arguing Liane McDonald could not bring this action on behalf of Mrs. McDonald's Estate because the claims did not accrue during Mrs. McDonald's life.¹⁰

### A. Liane McDonald does not state a claim under the Pennsylvania Survival Action.

Liane McDonald sues as the personal representative of Estate of Patricia A. McDonald. She is empowered to bring claims on behalf of Mrs. McDonald through the Pennsylvania

Survival Action. The Pennsylvania Survival Action states "all causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."[11] Neither Pennsylvania courts nor federal courts applying Pennsylvania law have addressed whether a personal representative can bring a cause of action on decedent's behalf where (1) the cause of action is under a contract signed by the decedent while alive but (2) the alleged breach occurred after the death.

We note the difference between a wrongful death action and a survival action illustrates the limited nature of a survival action. "A survival action, however, unlike a wrongful death action, is not a new cause of action, but merely continues in the personal representative the right of action which accrued to the deceased at common law. A survival action is brought by the personal representative of the decedent, and is an action which the decedent himself could bring had he survived and, in effect, is brought on behalf of the decedent."[12]

Three uncontradicted facts bar Liane McDonald's claim. On April 26, 2007, Mrs. McDonald signed the Loan Contract with Wells Fargo.[13] On December 21, 2009, Mrs. McDonald died.[14] The Loan Contract between Mrs. McDonald and Wells Fargo is not breached until almost three years after Mrs. McDonald's death.[15] It is impossible Mrs. McDonald could have brought a claim against Wells Fargo for failure to provide proper notice of the sale of her repossessed 2002 GMC Sierra because she is dead for almost three years when Wells Fargo repossessed the car.[16]

Because Mrs. McDonald did not have a claim against Wells Fargo for improper notice of sale of her repossessed car while alive, it is impossible for Liane McDonald to bring a claim "which the decedent [her]self could bring had [s]he survived and, in effect, is brought on behalf of the decedent."[17] We cannot allow a personal representative of an estate to state a claim on the

decedent's behalf where the facts did not accrue until long after the death under the Pennsylvania Survival Action statute.

### B. Ohio law also mandates dismissal.

Wells Fargo also argues Ohio law applies to the Loan Contract because Mrs. McDonald purchased the car from an Ohio car dealer. Consistent with the purchase agreement, the repossession occurred through the Ohio state courts. Even assuming Ohio law applies, Ohio's Survival of Actions also bars Liane McDonald from bringing this claim. Ohio's Survival of Actions states, "In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."[18]

The parties do not cite, and we cannot find, an Ohio case where the courts attached a personal representative to bring a cause of action on decedent's behalf where (1) the cause of action is under a contract signed by the decedent while alive but (2) the alleged breach occurred after the decedent's death. Just as in Pennsylvania, a federal court applying Ohio law differentiated wrongful death actions from survival statutes because "the decedent's administrator brings a survivorship claim to assert the same cause of action that the decedent would have asserted on his own behalf had he survived."[19]

### III. Conclusion

In the accompanying Order, we dismiss the amended complaint because Liane McDonald fails to state a claim under the Pennsylvania or Ohio Survival Action. Any amendment is futile as she cannot now obtain standing to challenge a 2012 repossession when the decedent passed in 2009 while current on her car loan and no pending repossession activity.

[1] ECF Doc. No. 12 ¶ 11-12.

[2] ECF Doc. No. 12-1 at 2.

[3] *Id*. at ¶ 14.

[4] ECF Doc. No. 12 at ¶ 15.

[5] ECF Doc. No. 19-2 at 3.

[6] ECF Doc. No. 12 at ¶ 16.

[7] ECF Doc. No. 12-2 at 2.

[8] *Id*.

[9] ECF Doc. No. 12-3 at 2.

[10] We review Administratrix's complaint and the exhibits attached as true and in a light more favorable to the Administratrix. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). We find dismissal is proper under Fed. R. of Civ. Pro. 12(b)(6) because taking all the facts as true in the light most favorable to Administratrix, she does not state a claim under the Pennsylvania Survival Action statue. *See Id*.; *Phillips v. Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[11] 42 Pa. C.S.A. § 8302.

[12] *Donlan v. Ridge*, 58 F. Supp. 2d 604, 607–08 (E.D. Pa. 1999)(*citing Harvey v. Hassinger*, 461 A.2d 814, 817 (1983) and *In re Pozzuolo's Estate,* 249 A.2d 540, 544 (1969)).

[13] ECF Doc. No. 12, ¶ 11.

[14] *Id*., ¶ 15.

[15] ECF Doc. No. 12-2 at 3 ("Payment is due for the months of 08/06/2012 through 11/06/2012).

[16] The notices attached as Exhibit 2 and Exhibit 3 to the Complaint confirms notice is sent to Patricia A McDonald and no one else is listed in the Co-buyer's space. ECF Doc. No. 12-2 at 2-3; ECF Doc. No. 12-3 at 2.

[17] *Donlan*, 58 F. Supp. 2d at 607–08 (*citing Harvey v. Hassinger*, 461 A.2d at 817 and *In re Pozzuolo's Estate,* 249 A.2d at 544).

[18] Ohio Rev. Code Ann. § 2305.21.

[19] *Wingrove v. Forshey*, 230 F. Supp. 2d 808, 826 (S.D. Ohio 2002). Ohio appellate courts are not in agreement on whether consumer protection related claims survive the death of a plaintiff under Ohio's survival statute *when the injury occurs before plaintiff's death*. While two courts held the claims did survive plaintiff's death, one court held the claims did not survive. *See The Estate of Lamont Cattano, et al. v. High Touch Homes, Inc.*, No. 01-22, 2002 WL 1290411 at *1 (Ohio 6th Dist. Ct. App. Mary 24, 2002)(plaintiff's consumer fraud injury, a poorly constructed modular home occurred in 1995 and plaintiff died in 1996); *National Credit v. Pheanis*, 656 N.E2d. 998, 999 (Ohio 2nd Dist. Ct. App. 1995)(plaintiff's consumer fraud injury, purchasing a mobile home from an unlicensed dealer occurred on November 29, 1989 and plaintiff died on December 24, 1989); *Motzer Dodge Jeep Eagle, Inc. v. Ohio Attorney General*, 64 N.E.2d 20, 27 (12th Dist. Ct. App. 1994)(plaintiff's consumer fraud injury is deceptive sales practices and plaintiff dies during the litigation). We need not address this issue as no injury occurred before Mrs. McDonald's 2009 passing.